1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**
9                      **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ART SWOPE, | Case No.: 1:23-cv-01412-SKO (HC) |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGEMENT AND CLOSE CASE |
|   v. | |
| LAUDY, | |
|     Respondent. | [Doc. 11] |

       Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All parties having consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1), this action was assigned to the undersigned for all further proceedings including trial and entry of judgment. (Doc. 10.)

                                 **BACKGROUND**

       On April 27, 2018, Petitioner was found guilty following a jury trial in the Kern County Superior Court of escaping from jail by force in violation of Cal. Penal Code § 4532(B)(2). (Doc. 12-1 at 1.[1]) On August 21, 2018, he was sentenced to 12 years in prison. (Doc. 12-1 at 1.) Petitioner

---

[1] Page references are to ECF pagination.

appealed, and on October 18, 2021, the California Court of Appeal affirmed judgment. (Doc. 12-2.)
Petitioner sought review in the California Supreme Court, and the petition was denied on December
22, 2021. (Doc. 12-3, 12-4.)

Thereafter, Petitioner filed five petitions for collateral review in the state courts as follows[2]:

Kern County Superior Court
October 16, 2021: Petition for writ of habeas corpus filed.
December 10, 2021: Petition denied.

California Court of Appeals
December 29, 2021: Petition for writ of habeas corpus filed.
January 27, 2022: Petition denied.

Kern County Superior Court
May 20, 2022: Petition for writ of habeas corpus filed.
July 15, 2022: Petition denied.

California Court of Appeals
November 16, 2022: Petition for writ of habeas corpus filed.
January 19, 2023: Petition denied.

California Supreme Court
February 12, 2023, Petition for writ of habeas corpus filed.
August 9, 2023, Petition denied.

(Docs. 12-5, 12-6, 12-7, 12-8, 12-9, 12-10, 12-11, 12-12, 12-13, 12-14.)

Petitioner filed his petition in this Court on September 19, 2023. (Doc. 1.)  Pending before the
Court is Respondent's motion to dismiss the petition as untimely, filed on November 16, 2023.  (Doc.
11.)  Petitioner filed an opposition to the motion on December 15, 2023, and Respondent filed a reply
on January 25, 2024.  (Docs. 13, 18.)  Upon review of the pleadings, the Court finds that the petition
violates the statute of limitations.  The Court will therefore grant Respondent's motion to dismiss and
dismiss the petition with prejudice.

/////

/////

[2] In Houston v. Lack, the Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed
on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
clerk.  Houston v. Lack, 487 U.S. 266, 276 (1988).  The Ninth Circuit has applied the rule to assess the
timeliness of federal habeas filings under the AEDPA limitations period.  Campbell v. Henry, 614 F.3d 1056,
1058-59 (9th Cir. 2010); Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001) (citing Houston, 487 U.S. at
276). Therefore, under the mailbox rule, the Court deems Petitioner's state and federal petitions filed on the
date Petitioner signed and presumably handed those petitions to prison authorities for mailing.

2

**DISCUSSION**

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on August 14, 2022, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  28 U.S.C. § 2244(d)(1)(A). In this case, the California Supreme Court denied the petition for review on December 22, 2021. (Doc. 12-4.)  Direct review concluded on March 22, 2022, when the 90-day period for filing a petition

1   for writ of certiorari expired.  The statute of limitations commenced on the following day – March 23,

2   2022.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent applicable tolling, the last

3   day to file a federal habeas petition was March 22, 2023.

4   III.    Tolling of the Limitations Period

5           Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

6   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

7   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

8   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

9   U.S. 4, 8 (2000).

10          Petitioner is not entitled to statutory tolling for the time period between the finality of direct of

11  review and the commencement of post-conviction collateral review.  Nino v. Galaza, 183 F.3d 1003,

12  1006-07 (9th Cir. 1999).  Although Petitioner filed his first two habeas petitions in the Kern County

13  Superior Court and the California Court of Appeal, direct review had not yet concluded.  Therefore,

14  Petitioner is not entitled to tolling for those petitions.  Waldrip v. Hall, 548 F.3d 729, 735, 72 Fed. R.

15  Serv. 3d 34 (9th Cir. 2008) (state habeas petition denied before limitations period commenced at the

16  conclusion of direct review "had no effect on the timeliness of the ultimate federal filing").

17          When Petitioner filed his third state habeas petition on May 20, 2022, 58 days of the

18  limitations period had run. Petitioner is not entitled to tolling for the period between the second and

19  third habeas petitions, because Petitioner was not proceeding to the next level in the appellate process.

20  Delhomme v. Ramirez, 340 F.3d 817, 821 n.3 (9th Cir. 2003) ("the crucial issue for tolling purposes is

21  whether the petitioner has timely proceeded *to the next appellate level*, since the one-year filing period

22  is tolled to allow the opportunity to complete one full round of review") (quotation marks omitted;

23  emphasis added).  The limitations period was tolled during the pendency of the third state habeas

24  petition until it was denied on July 15, 2022.

25          An application is pending during the time that 'a California petitioner completes a full round of

26  [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower

27  court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819

28  (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir.

2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Here, Petitioner did not file his fourth habeas petition until November 16, 2022--a period of 124 days.  Respondent contends that Petitioner is not entitled to tolling for this 124-day time interval, because it is too long to consider anything "pending" for tolling purposes under 28 U.S.C. § 2244(d)(2).  Petitioner disputes this for several reasons: 1) he contends California's timeliness standards are not sufficiently specific to bar consideration of his claims; 2) he alleges he should be given equitable tolling; and 3) he contends he is actually innocent.

Petitioner first contends that California's timeliness standards are not well established enough to be adequate to bar consideration of his claims.  Petitioner's argument is unavailing.  As explained by the Supreme Court in Evans v. Chavis, 546 U.S. 189, 192-93 (2006), "[i]n California, a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.'" In Robinson v. Lewis, the California Supreme Court adopted a time period of 120 days as the safe harbor for gap delay.  9 Cal. 5th 883, 895, 901 (Cal. 2020) ("A new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay.")  The California Supreme Court also opined that finding a petition timely after a six-month gap delay would be "unduly generous."  Id. at 901. Petitioner's delay of 124 days is longer than California's safe harbor and well beyond the 30 to 60 days allowed by most other states for filing an appeal and is therefore untimely.

Acknowledging the delay of 124 days, Petitioner seeks equitable tolling for this time period. Beyond statutory tolling, federal habeas petitioners may also be entitled to equitable tolling of the statute of limitations. Holland v. Florida, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases"); Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir.), *cert. denied*, 133 S.Ct. 769 (2012).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Ford, 683 F.3d at 1237 (quoting Holland, 560 U.S. at 649) (internal

1    quotation marks omitted). The burden of establishing grounds that warrant equitable tolling rests with

2    the prisoner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

3    The diligence requirement is a separate inquiry from the extraordinary circumstance inquiry

4    and "covers those affairs within the litigant's control." Menominee Indian Tribe of Wisconsin v. U.S.,

5    136 S. Ct. 750, 756 (2016). "The diligence required for equitable tolling purposes is reasonable

6    diligence, not maximum feasible diligence." Id. (quoting Holland, 560 U.S. at 653) (internal quotation

7    marks omitted). A petitioner must demonstrate diligence at all times up to the filing of the federal

8    habeas petition, not only during the time an alleged impediment stood in his way of timely filing.

9    Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc).

10    After Holland, the Ninth Circuit has continued to rely on previous equitable tolling cases in

11    which it held that equitable tolling is available "only when extraordinary circumstances beyond a

12    prisoner's control make it impossible to file a petition on time and the extraordinary circumstances

13    were the cause of [the prisoner's] untimeliness." Id. (quoting Bills v. Clark, 628 F.3d 1092, 1097 (9th

14    Cir. 2010) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003))) (alterations in Ford)

15    (internal quotation marks omitted); see also Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011)

16    (citing Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he requirement that extraordinary

17    circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather

18    than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of

19    which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d

20    1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).

21    Petitioner claims he should be granted equitable tolling due to a transfer between institutions

22    where he was given insufficient time to pack. He claims he was moved from CSP-LAC B-yard to

23    CSP-LAC A-yard in October of 2022, when he was given ten minutes notice to pack up his

24    belongings. He states he packed in a hasty manner and left several items behind including two large

25    envelopes under his mattress that contained 80% of his paperwork, including his petition. He claims

26    he acted quickly when attempting to regain his paperwork. His former cellmate packed up his

27    remaining belongings but was taken to court for a hearing and did not return for two months. He

28

6

states he had to start from scratch, though someone from B-yard eventually came over with some of his legal work.

Respondent contends Petitioner's transfer was at his own request; therefore, only he can be faulted for his failure to bring along his documents.  Respondent reasons that Petitioner made this request two months prior to the actual move, Petitioner has been in and out of prison since 1988 and should have been very familiar with prison transfers.

The Court has reviewed the documents submitted by Respondent.  According to prison records, Petitioner transferred from LAC-Facility B to LAC-Facility A on October 18, 2022.  (Doc. 18-2 at 8.)  The documents also show that the transfer was at Petitioner's own request, made in August of 2022.  (Doc. 18-1 at 2.)  Thus, Respondent is correct that Petitioner had two months' knowledge of the move.  The exhibits also show that Petitioner has been in and out of custody since 1988 and has experienced 65 prison transfers. (Doc. 18-2 at 4-8.)  Respondent is correct that Petitioner has significant experience with prison transfers.

The Court finds that Petitioner should not be granted equitable tolling for the 124-day time interval.  Prison transfers are typical of prison life, whether an inmate is advised a move is imminent or whether an inmate is given substantial advanced warning of a transfer.  Prison transfers are not extraordinary circumstances.  Petitioner himself experienced 65 transfers during his time in prison.  In addition, although Petitioner may have been advised to gather his things within ten minutes, he had two months to prepare for the move.  Petitioner's failure to bring along his legal paperwork is also due to his own negligence.  His legal paperwork was under his control until he abandoned it in his cell.  Prison authorities did not confiscate his material or prevent him from taking them with him.  Petitioner has not shown that extraordinary circumstances beyond his control barred him from timely filing his petition.  He has instead shown that it was his own negligence that caused him to be without his paperwork, and "negligence on [the petitioner's] part, . . . "preclude[s] the application of equitable tolling." Waldron-Ramsey, 556 F.3d at 1011.

Finally, Petitioner asserts that his actual innocence excuses his untimeliness.  In McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), the Supreme Court held that actual innocence could serve as a means of avoiding the statute of limitations. However, the Court cautioned that "tenable actual-innocence

gateway pleas are rare," and to meet that threshold requirement, Petitioner must convince the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1935-36 & n.4.  "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner makes no such showing.

## IV.    Conclusion

For the foregoing reasons, the Court finds that the fourth state petition was untimely, and therefore nothing was "pending" during the 124-day interval.  Petitioner is not entitled to any tolling after the third petition was denied.  Nor is Petitioner entitled to tolling for the time the untimely fourth state habeas petition was pending.  Pace, 544 U.S. 408 (untimely petition is not considered "properly filed" for purposes of § 2244(d)(2)).  Thus, the limitations period resumed on July 16, 2022.  With 307 days left, the limitations period expired on May 18, 2023.  Petitioner did not file his federal petition until September 19, 2023. The petition is untimely and must be dismissed.

## V.    Certificate of Appealability

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)    There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>          (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

Here, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

Accordingly,

1.      Respondent's motion to dismiss (Doc. 11), is GRANTED;

2.      The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

3.      The Clerk of Court is directed to enter judgment and close the case; and

4.      The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **January 31, 2024**                       _/s/ Sheila K. Oberto_
                                                    UNITED STATES MAGISTRATE JUDGE

9