UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART SWOPE,<br><br>    Petitioner,<br><br>  v.<br><br>LAUDY,<br><br>    Respondent. | Case No.: 1:23-cv-01412-SKO (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION, VACATING JUDGMENT, AND DIRECTING CLERK OF COURT TO REOPEN CASE<br>[Doc. 22]<br><br>ORDER DISMISSING MOTION TO FILE SUPPLEMENTAL OPPOSITION AS MOOT<br>[Doc. 21] |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  All parties having consented to the jurisdiction of a United States Magistrate Judge for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1), this action was assigned to the undersigned for all further proceedings including trial and entry of judgment. (Doc. 10.)

    On January 31, 2024, the Court granted Respondent's motion to dismiss the petition as untimely.  (Doc. 19.)  Judgment was entered on the same date, and the case was closed. (Doc. 20.)  On February 12, 2024, Petitioner filed a motion to supplement his opposition. (Doc. 21.)  On February 14, 2024, Petitioner filed a motion for reconsideration.  (Doc. 22.)  Respondent filed a non-opposition to Petitioner's motion on February 28, 2024. (Doc. 23.)

# DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has shown good cause for granting his motion. Previously, the Court determined that Petitioner's delay of 124 days between the denial of his third state habeas petition and the filing of his fourth state habeas petition was untimely for tolling purposes. In his motion for reconsideration, Petitioner submits a copy of an Addendum to the Kern County Superior Court's order denying the third habeas petition. (Doc. 22 at 5.) The Addendum was signed on August 18, 2022, and addressed additional arguments and documents submitted by Petitioner in a filing dated August 2, 2022. These are new circumstances previously unknown to the Court, because these documents were not submitted by Petitioner or Respondent. And as Respondent concedes, they are material to the determination. The documents show that the third state habeas petition was "pending" for tolling purposes until August 18, 2022. Thus, the interval between the finality of the third state habeas petition and the filing of the fourth was only 90 days, which is well within California's 120-day safe harbor. Petitioner is therefore entitled to tolling for that interval and the subsequent habeas petitions.

The instant federal petition does not violate the statute of limitations, and the motion for reconsideration must be granted.

The Court notes that Petitioner also filed a motion to supplement his opposition to Respondent's motion; however, this motion was received after the Court had already granted the motion to dismiss.  (Doc. 21.)  This motion will be dismissed as moot in light of the Court granting Petitioner's request for reconsideration.

**ORDER**

For the foregoing reasons,

1. Petitioner's motion for reconsideration is GRANTED;
2. Petitioner's motion to supplement his opposition is DISMISSED as moot;
3. The order denying the petition as untimely (Doc. 19), and judgment thereon (Doc. 20), are VACATED; and
4. The Clerk of Court is DIRECTED to reopen the case.

IT IS SO ORDERED.

Dated:   **March 1, 2024**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

3